# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

No. 22-50258
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADRIAN RENTERIA-HERRERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-919-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Adrian Renteria-Herrera appeals his sentence for illegal reentry into the United States after having been ordered removed, in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends that § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50258

on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Although his 21-month term of imprisonment was within the maximum in § 1326(a), his three-year term of supervised release was above the maximum for that provision and was imposed instead by virtue of § 1326(b)(1) based on a prior felony conviction.  *See* 18 U.S.C. § 3559(a), 3583(b).  Renteria-Herrera moves for summary disposition, correctly conceding that his sole issue is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and explaining that he merely seeks to preserve the issue for further review.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Renteria-Herrera's motion is GRANTED, and the judgment of the district court is AFFIRMED.